United States District Court
Southern District of Texas
**ENTERED**
November 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHRIEVE CHEMICAL PRODUCTS, INC., | * * | |
| Plaintiff | * | CIVIL ACTION NO. 4:16-cv-02173 |
| | * | |
| VERSUS | * | |
| | * | |
| CAREMOLI USA, INC. and ANDREA CAREMOLI, | * * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AGREED PROTECTIVE ORDER

The Court finds and orders as follows:

The Court agrees with the Parties that this lawsuit may involve the production or disclosure of confidential, sensitive, or proprietary business information or trade secrets (collectively referred to as "Confidential Information" and as further defined below), and that to ensure continued confidentiality and that no person obtains a competitive advantage through discovery in this lawsuit, a Protective Order should be entered to govern the production or disclosure of Confidential Information in this lawsuit.

I.  **INTRODUCTION, SCOPE, AND DEFINED TERMS**

   A.   This Protective Order shall govern the production or disclosure of any document, material or information designated as Confidential Information. For the purposes of this Protective Order, "Confidential Information" is defined as any documents, material, or information designated as "CONFIDENTIAL" or

B.  For the purposes of this Protective Order, "Court" refers to the United States District Court for the Southern District of Texas. However, nothing within this Order shall be construed as a waiver or agreement by any party that any portion of this matter may not be heard by the Court.

C.  For the purposes of this Protective Order, "disclosure," "disclose," "disclosed" and "disclosing" means disclosure in any way or manner, including but not limited to allowing any review of "Confidential Information" by persons not authorized by this Protective Order to review it, or by verbally or in any written form either directly or indirectly communicating the content or substance of any "Confidential Information" to persons not authorized by this Protective Order to review it.

D.  For the purposes of this Protective Order, "Designating Party" is the party, including a non-party, who designates material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY."

## II. DESIGNATION

In connection with this action, any party, including any non-party, may designate any document, material, or information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" under the following conditions:

A.  Documents, material or information may be designated

"CONFIDENTIAL" when a party reasonably and in good faith believes that it contains financial, proprietary, technical, commercial, or competitively sensitive information or trade secrets, the disclosure of which might harm the competitive business or business interests of the Designating Party, including, but not limited to, information that is not known to the general public or the Designating Party's competitors in the industry.

B.  Documents, material, or information may also be designated as "CONFIDENTIAL" when it contains personal information that is of a nature which, if disclosed, could invade the legitimate privacy interests of the person to whom the document pertains.

C.  Documents, material, or information may also be designated as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" if it is "CONFIDENTIAL" and the Designating Party reasonably and in good faith believes it to be highly sensitive because it contains particularly competitive business information such as trade secrets, including, without limitation, proprietary software, and company-wide marketing, performance, or investment-related information, or other similar information, or that disclosure would do damage either to the Designating Party's confidential interests or to a third party's confidential business interests, or result in a competitive advantage to any person or a competitive disadvantage to the Designating Party.

## III. NOTICE AND MARKINGS

Any documents, material, or information may be designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" by stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" on each page of the documents, material or information prior to production.

Any information contained on electronic media, including, without limitation, digital video disks, compact disks, diskettes, and flash or thumb drives may be designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" by stamping, or otherwise affixing, the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" on the outer portion or cover of the electronic media.

Any party may designate any portion or all of a deposition as Confidential Information by notifying the other parties on the record during the deposition or in writing within fourteen (14) days of the receipt of the transcript. The parties shall automatically treat all information disclosed at a deposition as CONFIDENTIAL-ATTORNEY'S EYES ONLY for fourteen (14) days after receipt of the transcript. The court reporter shall return the original deposition transcript and all notes used for making the transcript in a sealed envelope marked "CONFIDENTIAL" or "CONFIDENTIAL-

ATTORNEY'S EYES ONLY," as appropriate, to the attorney noticing the deposition. Failure to designate any portion or all of a deposition transcript within fourteen (14) days of receipt of the transcript shall not be a waiver of a party's right to designate the transcript and any accompanying exhibits as Confidential Information under the terms of this Protective Order; however, no party shall be in violation of this Protective Order for disclosing a deposition transcript made prior to receiving notice that a transcript is designated as Confidential Information so long as the party promptly requests the return of such information and notifies The Designating Party of the disclosure that was made so that the producing party may take action to protect the information.

Prior to disclosure of any Confidential Information in a deposition, all persons in attendance shall be alerted to the impending disclosure. All persons who are not permitted to view the Confidential Information shall be excused. Failure to follow this procedure is not a waiver of any party's right to designate the transcript and accompanying exhibits as Confidential Information.

All Confidential Information that is submitted to the Court or used in any proceeding before the Court shall remain the subject of this Protective Order. A party desiring to use Confidential Information in any proceeding before the Court in a fashion that would reveal its contents to persons not permitted to view such Confidential Information shall provide the Designating Party with at

least ten (10) days notice of that intent, to enable the Designating Party to seek any additional protection that it may desire.

Designation of any information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall have no effect with respect to any substantive or evidentiary issues in this proceeding, and the designation or attempt to designate any information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall not be admitted into evidence in this proceeding.

## IV.   INADVERTENT FAILURE TO DESIGNATE

Failure to designate or stamp as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" at the time of production shall not be a waiver of the protection for Confidential Information provided that counsel promptly notifies the receiving party upon realizing the failure. However, the receiving party shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notice so long as the receiving party promptly requests the return of such information and notifies the producing party of the disclosures that were made so that the producing party may also take action to protect the information.

## V.   OBJECTION TO DESIGNATION

If a party receiving designated Confidential Information objects to the designation, it shall treat the information as it is designated until the parties resolve the dispute by agreement or by order of the Court. No party shall be obligated to challenge the propriety of any designation and failure to do so shall not preclude a subsequent challenge to the propriety of such designation. On any motion challenging the designation of any document or other record or information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY, the burden of justifying the designation shall lie with the Designating Party. If a party seeks declassification or removal of particular items designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY from this Protective Order on the ground that such confidentiality is not necessary to protect the interests of the party furnishing the document, information or other thing, the following procedure shall be utilized:

a.   The party seeking such declassification or removal shall give counsel for the other party written notice thereof by hand, mail, facsimile, or email specifying the document, information or other thing as to which such removal is sought and the reasons for the request;

b.   If, after conferring, the parties cannot reach agreement concerning the matter within ten (10) business days after the delivery of the notice, then the party

requesting the declassification or removal of particular items designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY from this Protective Order may file and serve a motion for a further Order of the Court directing that the document, information or other thing shall be declassified or removed.

## VI. USE OF CONFIDENTIAL INFORMATION

All Confidential Information as defined herein shall be used solely for the purpose of this action, and then only in accord with the provisions of this Order, and shall not be used for any other purpose.

A. Confidential Information that has been designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall be disclosed only to:

> (1) The attorneys of record in this action and the partners, shareholders, and employees of said attorneys' law firms who are assisting the attorneys of record in this action, and in-house general counsel of the parties to this lawsuit;
>
> (2) Expert witnesses or expert consultants who have been retained by the party or its attorneys for this action, each of whom shall be required to sign the "Acknowledgement" attached hereto as Exhibit A before any disclosure and prior to the start of any deposition in which he or she is the deponent;
>
> (3) The Court and persons associated with or employed by the Court whose duties require access to the information, under such safeguards as the Court may direct;
>
> (4) The author of the document designated as "CONFIDENTIAL- ATTORNEY'S EYES ONLY" and any person identified within the document as a recipient of such

document if, in the reasonable and good faith belief of the party's counsel, it is necessary for legitimate discovery or litigation purposes, each of whom shall be required to sign the "Acknowledgement" attached hereto as Exhibit A before any disclosure and prior to the start of any deposition in which he or she is the deponent;

(5) A witness who is an employee or former employee of the Designating Party, only when she or he is to be questioned regarding the Designating Party's own information that it has designated as "CONFIDENTIAL-ATTORNEY'S EYES ONLY," each of whom shall be required to sign the "Acknowledgement" attached hereto as Exhibit A before any disclosure and prior to the start of any deposition in which he or she is the deponent and provided that the witness may not retain any copies of the information so designated;

(6) The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition, each of whom shall be required to sign the "Acknowledgement" attached hereto as Exhibit A before any disclosure; and

(7) Graphics, design, jury consultant or focus group services directly retained by the parties or counsel and assisting them with this action, each of whom shall be required to sign the "Acknowledgement" attached hereto as Exhibit A before any disclosure.

(8) A person expressly named within a document designated as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" to whom a verbal statement is being attributed if, in the reasonable and good faith belief of the party's counsel, it is necessary for legitimate litigation purposes, and then only the verbal statement related to the person may be disclosed to the person and all other information within the document must be fully redacted, each of whom shall be required to sign the "Acknowledgement" attached hereto as Exhibit A before any disclosure.

(9) Any other persons, on such terms and conditions as the

parties may agree to in writing, or as directed by further Order of the Court, each of whom shall be required to sign the "Acknowledgement" attached hereto as Exhibit A before any disclosure.

B.  Confidential Information that has been designated "CONFIDENTIAL," shall be disclosed only to any of the persons identified in Paragraph 6(A), as well as the following:

   (1)   Officers, directors, or employees of the parties who, in the reasonable and good faith belief of the party's counsel, require the "CONFIDENTIAL" information to assist in or evaluate this action, each of whom shall be required to sign the "Acknowledgement" attached hereto as Exhibit A before any disclosure;

   (2)   The author of the document designated as "CONFIDENTIAL" and any person identified within the document as a recipient of such document if, in the reasonable and good faith belief of the party's counsel, it is necessary for legitimate discovery or litigation purposes, each of whom shall be required to sign the "Acknowledgement" attached hereto as Exhibit A before any disclosure and prior to the start of any deposition in which he or she is the deponent;

   (3)   A witness who is an employee or former employee of the Designating Party, only when she or he is to be questioned regarding the Designating Party's own information that it has designated as "CONFIDENTIAL," each of whom shall be required to sign the "Acknowledgement" attached hereto as Exhibit A before any disclosure and prior to the start of any deposition in which he or she is the deponent.

   (4)   A person expressly named within a document designated as "CONFIDENTIAL" to whom a verbal statement is being attributed if, in the reasonable and good faith belief of the party's counsel, it is necessary for legitimate litigation purposes, and then only the verbal statement related to the person may be disclosed to the person and all other

information within the document must be fully redacted, each of whom shall be required to sign the "Acknowledgement" attached hereto as Exhibit A before any disclosure.

**A COPY OF EACH SIGNED "ACKNOWLEDGEMENT" MUST BE MAINTAINED BY COUNSEL FOR ANY DISCLOSING PARTY, AND COPIES OF THE "ACKNOWLEDGEMENTS" SHALL BE FORWARDED TO THE DESIGNATING PARTY'S COUNSEL UPON REQUEST, EXCEPT THAT "ACKNOWLEDGEMENTS" SIGNED BY PURELY CONSULTING EXPERTS SHALL BE MAINTAINED BY ANY DISCLOSING PARTY SECURING THEIR SIGNATURE ON THE "ACKNOWLEDGEMENT."**

VII.  **REDACTIONS**

Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because of any applicable privilege, e.g. the attorney-client privilege or work product immunity. However, any document from which material is masked must identify in the masked area that masking or redaction has occurred. The reason for any such masking must be stated either on the document itself or on a privilege log. The redacting party shall bear the burden of proof with respect to the propriety of the redaction.

## VIII. INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned or destroyed, and no party to this action shall thereafter assert that such disclosure by itself waived any privilege or immunity.  The receiving party will immediately return the item or items requested (including any copies thereof as well as any notes or other materials reflecting the content of any such item) and refrain from any use of such information.  Provided, however, that the party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the discovery procedures permitted by the Court.

## IX. CONFIDENTIAL INFORMATION SUBMITTED TO COURT

Any designated Confidential Information to be filed by a party with the Court, including briefs, memoranda, transcripts, or other filings that disclose the substance or content of the Confidential Information, shall be marked in accordance with this Protective Order and filed under seal.

## X.   CONFIDENTIALITY OF PARTY'S OWN DOCUMENTS

No person may disclose, in public or private, any designated information or documents of another party except as provided for in this Protective Order, but nothing herein shall affect the right of the Designating Party to disclose to its officers, directors, employees, consultants or experts, or to any other person, any of **its own** documents, material or information that the Designating Party may otherwise legally disclose and which it has designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information or documents in violation of it.

## XI.   CONFIDENTIAL INFORMATION FROM A NON-PARTY

If any non-party is to produce any documents or information to parties in this action that the non-party reasonably believes contains Confidential Information, the non-party shall have the same rights and responsibilities as the parties to designate documents and information as Confidential Information under this Protective Order.

## XII. OBLIGATIONS OF PARTIES

Each of the parties named above and their counsel of record undertakes to abide by and be bound by the provisions of this Protective Order and to use due care to see that its provisions are known and adhered to by those under its supervision or control.  Nothing in this Protective Order shall bar counsel from

rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Confidential Information, but counsel shall not disclose Confidential Information to any person, even if a client, who is not authorized to view such Confidential Information under the terms of this Protective Order.

## XIII. TERMINATION OF LITIGATION AND ENFORCEMENT

Within sixty (60) days of the final conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall, at the election of the Designating Party, either (i) assemble and physically return to the producing party all Confidential Information, outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of Confidential Information, except as specified below, or (ii) destroy all such documents and certify such destruction, except as specified below. Counsel may retain one archival copy of pleadings, deposition transcripts and their exhibits, and trial transcripts and their exhibits. Counsel or experts may also retain or destroy any notes, drafts, memorandum, documents, work papers and other materials prepared by counsel or experts, respectively, but if retained, counsel and experts must treat these materials in accord with this Order.

The terms of this Protective Order shall survive and remain in full force and effect after the termination of this lawsuit (including any appellate proceedings) and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Protective Order or

redressing any violation thereof. Further, the termination of employment of any person who had access to any Confidential Information shall not relieve such person from the obligation to adhere to the restrictions on the use of Confidential Information set forth in this Protective Order.

Except as otherwise provided herein, all parties and persons to whom Confidential Information is disclosed are enjoined from using Confidential Information except in conjunction with prosecution of claims or defenses in this matter, and then, only per the terms of this Protective Order, and they are further enjoined from disclosing Confidential Information to any other person, except in accord with the provisions of this Protective Order.

Breach of the provisions of this Protective Order shall be subject to sanctions as authorized by statute, rule and the inherent power of the Court.

## XIV. ADDITIONAL PROTECTION AND AMENDMENT

Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder, or modification of the terms of this Protective Order.

The parties may by written stipulation provide for exceptions to this Order.

Dated: November 28, 2016.

_____
UNITED STATES DISTRICT JUDGE

**AGREED AND ENTRY REQUESTED:**


_____/s/ *Carey L. Menasco*_____
Carey L. Menasco
S.D. Tex. # 604122
**LISKOW & LEWIS**
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
clmenasco@liskow.com

**ATTORNEYS FOR SHRIEVE CHEMICAL PRODUCTS, INC.**


_____/s/ *Brett D. Solberg*_____
Brett D. Solberg, Esq.
**DLA Piper LLP**
1000 Louisiana Street, Suite 2800
Houston, Texas  77002-5005
brett.solberg@dlapiper.com

**ATTORNEYS FOR CAREMOLI USA, INC. AND ANDREA CAREMOLI**

# Exhibit A

# ACKNOWLEDGEMENT

I, _____, hereby acknowledge receipt of a copy of the Protective Order ("Order") in the above captioned action. I am familiar with the provisions of the Order and agree to be bound by it. I agree not to copy or to use any Confidential Information for any purpose other than in connection with the instant action, and agree not to reveal any or all such Confidential Information to any person not authorized by this Order.

I further acknowledge and understand that for any violation of the provisions of said Order I am subject to any and all penalties imposed upon me by law. I hereby submit to the jurisdiction of the 58th District Court of Jefferson County, Texas for the purpose of enforcement of the Order, and ancillary proceedings regarding its interpretation, enforcement and effect, and voluntarily waive any and all objections to jurisdiction and venue with regard to the same.

Signature                                          Date

_____          _____

4544518_1

- 1 -

Exhibit A